# Packer's Estate (No. 1).

*Trusts and trustees — Life tenants — Remainderman—Corporations — Dividends—Extraordinary dividends—Apportionment between life tenant and remainderman—Apportionment of trust securities sold.*

1. In distributing extraordinary stock dividends between a life tenant and the corpus of a trust estate, which holds the original stock upon which the dividend was declared, the life tenant is entitled to receive so much of the new shares as represents the net earnings of the corporation, accruing after the trust estate acquired the stock upon which the dividend was declared, for they then represent the accrued income; and the corpus is entitled to retain all the rest of the stock dividend, for it does not represent income.

2. Neither market value, nor any other value than the actual or intact value of the shares is of any moment in determining how an extraordinary stock dividend is to be distributed between the income and the corpus of a trust estate.

3. In distributing extraordinary stock dividends between a life tenant and the corpus of a trust estate, the latter is entitled to have awarded to it such a number of shares included in the dividend as, with the shares upon which the dividend was declared, at the actual or intact value of the two, after the stock dividend is declared and paid, will aggregate exactly the same sum as the actual or intact value of the original shares at the time the trust acquired them, plus any capital increase thereafter paid to the corporation, on account of those shares, and less a proportionate part of any capital losses properly chargeable against them.

4. When the securities in a trust estate are sold, the income included in the purchase price, ascertained in the way specified in the foregoing syllabi, belongs to a life tenant; the balance of the purchase price belongs to the corpus of the trust.

Argued October 4, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 30, Jan. T., 1928, by Abraham W. Thomas, admr. of Mary Packer Thomas, life tenant, from order of O. C. Northumberland Co., Feb. T., 1919, No. 61, dismissing exceptions to auditor's report, in Estate of James C. Packer, deceased. Affirmed.

Exceptions to auditor's report.   Before STROUSS, P. J.
The opinion of the Supreme Court states the facts.

Exceptions dismissed.   Abraham W. Thomas, administrator of Mary Packer Thomas, deceased, life tenant, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Andrew A. Leiser,* with him *Andrew A. Leiser, Jr.,* for appellant.—Any gain over and above the appraised value is "income" within the meaning of this will: Braun's App., 105 Pa. 414; Wiltbank's App., 64 Pa. 256; Thomson's Est., 153 Pa. 332; Oliver's Est., 136 Pa. 43; Park's Est., 173 Pa. 190; Quay's Est., 253 Pa. 80; Boyer's App., 224 Pa. 144; Thompson's Est., 262 Pa. 278; Wittmer's Est., 283 Pa. 311; Harkness's Est., 283 Pa. 464.

*J. Fred Schaffer,* for appellees.—A person having a life estate in the stock of a corporation is not entitled to the enhanced value of the stock due to undivided surplus profits; such enhanced value belongs to the remaindermen: Wilcox's Est., 66 Pa. Superior Ct. 182; Eisner's Est., 175 Pa. 143; Connolly's Est., 198 Pa. 137; Graham's Est., 198 Pa. 216; Hubley's Est., 16 Phila. 327.

The precise point which we are arguing now is not a declaration of a stock dividend, nor yet the case of the creation by the corporation, whose stock is held by the trust, of the right to subscribe and pay for new stock. We are here concerned, as to this $10,169 with an advance of the sale price of the stocks and bonds, over and above the appraised value at the inception of the trust. It is not a question of a stock dividend, nor the right to subscribe and pay for new stock.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1927:
By testator's will he created a trust, and gave to his niece, Mary Packer Blue, who later became Mary Packer

Thomas, *"only* the income [of it]......for her natural life—at her death this share shall pass to all my other beneficiaries—except Mary Packer Blue—named in my will dated January 18, 1906." By agreement of the parties in interest, the securities in testator's estate were distributed in kind, at the valuation fixed when the amount of the inheritance tax was determined, the trustees receiving a part thereof for the purposes of the trust. While Mrs. Thomas, the life tenant, was still alive, an extraordinary stock dividend was declared. The court below awarded to her only so much thereof as in fact represented income. Appellant, the administrator of her estate, claims that, as the market value of the stock was the same after the dividend was declared as it had been before, the whole of it should have been awarded to her, as life tenant. Whether or not this is correct, is the first question raised on the present appeal. After the death of the life tenant, certain of the trust securities were sold, at a price in excess of the appraisement as above made. The court awarded nearly all of the proceeds to the remaindermen. Appellant claims that the whole of it should have been awarded to him, as her administrator; that the profit thus realized was in legal effect income, though it was not earnings of the corporations accruing after testator's death. Whether or not this is correct, is the only other question raised on the present appeal. The court below was right on both points.

When they wrote their interesting brief in this case, counsel for appellant did not have the benefit of our careful and elaborate opinion, written by Judge KEPHART, in Nirdlinger's Est., 290 Pa. 457. It reviewed most of our previous cases, bearing on the two points now to be decided, including those relied on by appellant. We there held that, in distributing extraordinary stock dividends between a life tenant and the corpus of a trust which holds the original stock upon which the dividend is declared, the former is entitled to receive so many of the

new shares as represents the net earnings of the corporation accruing after the trust estate acquired the stock upon which the dividend was declared, for they then represent the accrued income; the latter is entitled to retain all the rest of the stock dividend, for it does not represent income. Neither market value, nor any other value than the actual or intact value of the shares, is of any moment in determining how such a distribution is to be made. In making it, there should always be awarded to the corpus of the trust such a number of the shares included in the dividend as, with the shares upon which the dividend was declared, at the actual or intact value of the two after the stock dividend is declared and paid, will aggregate exactly the same sum as the actual or intact value of the original shares at the time the trust acquired them, plus any capital increase thereafter paid to the corporation on account of those shares, and less a proportionate part of any capital losses properly chargeable against them.

In Nirdlinger's Est., supra, we also held that on a sale of the securities in a trust estate, the income included in the purchase price, measured in the way above stated and in that way only, belongs to the life tenant, and any other enhancement in value is not income, and hence belongs to the corpus. If we were to hold otherwise, it could equally well be said that an increase in the value of trust realty, owing to a shifting of population or business, is income of the estate.

The decree appealed from directs distribution in the way we have indicated above, and is, therefore, correct.

The decree of the court below is affirmed and the appeal is dismissed at the costs of appellant.