[Civ. No. 6642. Second Appellate District, Division One.—February 20, 1930.]

In the Matter of the Estate of CHARLES A. CANFIELD, Deceased. SECURITY TRUST AND SAVINGS BANK (a Corporation), Trustee, Appellant, v. CHARLES O. CANFIELD, Respondent.

Wilbert Morgrage and R. K. Barrows for Appellant.

Joseph Musgrove and Fred O. McGirr for Respondent.

CONREY, P. J.—Appellant is a trustee appointed pursuant to the terms of the will of Charles A. Canfield, deceased. The appeal is from that portion of an order settling an account, which determined that a certain sum of money, being a part of the proceeds of the sale of certain bonds and shares of stock, is not *corpus* of the estate, but constitutes an accumulation of income in the hands of the trustee and should be credited to income and distributed to the life beneficiaries in accordance with the terms of the trust. The notice of appeal covers certain other details of the order, which items need not here be set forth at length.

In course of the administration of the decedent's estate a decree of partial distribution was made whereby, in accordance with the provisions of the will, certain bonds and corporate stocks of the appraised value of $900,000 were distributed to the trustee to be held upon certain trusts which, in accordance with the terms of the will, were set forth in said decree. The trustee was authorized to receive the rents, issues, dividends, profits and income of the trust estate, invest and reinvest the principal and after paying taxes and lawful charges and expenses of the trust, pay the net income, under certain stated limitations and conditions to Charles O. Canfield, a son of the decedent, and for the support, maintenance and education of two children of said Charles O. Canfield. Further provisions were made for continuance of the trust during the lifetime of Charles O. Canfield and of his said children, and for the ultimate

distribution of the principal of the trust to certain described beneficiaries.

The aforesaid decree of partial distribution was entered on the seventh day of April, 1914. The trustee entered upon the administration of the trust and thereafter filed a first account and several subsequent accounts of and concerning the trust estate. The present controversy arises out of the seventh account current and the order of settlement thereof. In the first account current, which was approved by the court, it was shown that the trustee had made sale of certain bonds and stocks whereby the trustee had realized a net gain in the aggregate sum of $111,809.57 over and above the values at which said properties had been received into the trust estate, and that the amount so gained together with the original principal amount or value of said stocks and bonds had been reinvested as part of the principal funds of the trust estate. There was also received in evidence each of the subsequent accounts, whereby it appeared that said sum gained by said sale of said stocks and bonds had been carried forward as part of the principal of the trust estate down to and including the filing of the present account. After the said seventh account had been filed the said Charles O. Canfield duly filed his objections thereto, in which he contended that the said sum of $111,-809.57 was accumulation of income of the estate, which the trustee should be required to credit to the income account and distribute and pay to said objecting beneficiary. The facts are substantially undisputed, and the appeal simply presents certain questions of law to which our attention must be addressed.

On behalf of appellant it is contended: First, that in this proceeding for the settlement of one of a series of accounts the court was without jurisdiction to inquire into or determine the nature or character of the fund not received by the trustee during the period of the account, but which had been received and accounted for in a previous account, which account had been theretofore settled and allowed; second, that the issue raised by the objections to the account had been determined by the order settling the trustee's first current account, and that the question is therefore *res judicata*, and third, that the provisions of the trust are not such as to justify the conclusion that the excess amount so

received by the trustee from the sale of the corporate securities, was income.

In view of the opinion which we entertain concerning the third question we shall assume, without close investigation of the law on the subject, that in the proceeding now under review the court acted within its jurisdiction and was not concluded by the order settling the trustee's first account.

The trust estate was distributed to the trustee in accordance with the provisions of a will which gave and bequeathed to the trustee "$1,000,000.00 worth of securities or cash, less $100,000.00 in either cash or securities." It was explained in the will that said sum of $100,000 was deducted from the sum of $1,000,000, which otherwise would have been given, for certain reasons which need not be discussed at this time.

It is now contended by respondent that the will "definitely fixed the trust at the sum of $900,000.00; and that any rents, issues, dividends, profits, income or increase belongs to the beneficiary Charles O. Canfield." We shall assume, as counsel have done in their briefs, that with regard to this contention we are called upon to determine only the question as to whether said sum of $111,809.57 should be rated as income of the trust estate, or whether, on the other hand, said profit, upon its realization, remained a part of the principal.

In view of the decision rendered by the Supreme Court of California in *Estate of Gartenlaub*, 198 Cal. 204 [48 A. L. R. 677, 244 Pac. 348], it seems to be settled beyond further doubt that in an instance like that now before us, where the increase in assets realized upon a sale of stocks or bonds of the trust estate did not include any accumulation of income and resulted solely from increased market value of the property, a gain so realized remains a part of the *corpus* of the trust estate. While the particular application of this rule in the Gartenlaub case was not identical with that presented in the case at bar, the views expressed by our Supreme Court fully cover the subject. In commenting upon the decision in the *Estate of Gartenlaub*, *supra*, counsel for respondent have referred to the citation there made of the case entitled *Matter of Graham's Estate*, 198 Pa. 216 [47 Atl. 1108], and suggest that said decision

in the *Matter of Graham's Estate* is not in accord with several other Pennsylvania decisions. It does appear that in that state there are two lines of decisions bearing on this question. It further appears, however, that in two recent decisions the rule declared in the *Matter of Graham's Estate* has been definitely reaffirmed. (*In re Nirdlinger's Estate*, 290 Pa. 457 [56 A. L. R. 1303, 139 Atl. 200, 208]; *In re Packard's Estate*, 291 Pa. 194 [139 Atl. 867].)

That part of the order of the Superior Court settling the seventh account current of the trust entered in the above-entitled matter, which finds, adjudges and determines that the sum of $111,809.57, being a part of the proceeds of the sale of certain bonds and shares of stock is not *corpus* of the trust estate, but constitutes an accumulation of income in the hands of the trustee and should be by said trustee credited to income and distributed to the life beneficiaries in accordance with the terms of the trust, is reversed.

That portion of said order which sustains the objections of Charles O. Canfield with respect to said sum of $111,-809.57, and which disallows the said seventh account current in so far as it shows the said item of $111,809.57 to be a part of the *corpus* of the trust estate, and which orders the trustee to credit said sum to income of said trust estate, is reversed.

In respect to all other matters included in this appeal the order is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1930.

All the Justices present concurred.